IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSHUA M. FEATHERSTON                                                                PLAINTIFF
ADC #154947

v.                              Case No: 4:20-cv-00989 KGB-PSH

BALL, *et al.*                                                                       DEFENDANTS

## ORDER

Before the Court are four Proposed Findings and Partial Recommendations submitted by United States Magistrate Judge Patricia S. Harris (Dkt. Nos. 12, 48, 61, 69). Plaintiff Joshua M. Featherston has filed written objections to two of these Proposed Findings and Partial Recommendations (Dkt. Nos. 14, 73), but he has not filed written objections as to the other two Proposed Findings and Partial Recommendations. The time for filing objections to all four of these Proposed Findings and Partial Recommendations has passed.

After careful consideration of the Proposed Findings and Partial Recommendations and all objections, and after a *de novo* review of the record, the Court adopts each of the Proposed Findings and Partial Recommendations as the Court's findings of fact and conclusions of law in all respects (Dkt. Nos. 12, 48, 61, 69).

   I.   **Judge Harris's December 4, 2020, Proposed Findings And Partial Recommendation**

In her December 4, 2020, Proposed Findings and Partial Recommendation, Judge Harris screened Mr. Featherston's complaint pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) (Dkt. No. 12). Judge Harris found that Mr. Featherston in his amended complaint had adequately stated the following claims for purposes of screening:

   (1)   a First Amendment retaliation claim and an Eighth Amendment deliberate indifference claim against Dr. Chris Horan based on Mr. Featherston's allegation

that Dr. Horan refused to treat his neck and head injuries in retaliation for grievances Mr. Featherston had submitted naming Dr. Horan (Dkt. No. 6, at 9-11);

(2) an Eighth Amendment deliberate indifference claim against Mental Health Counselor Warren based on Mr. Featherston's allegation that Warren refused to discuss Mr. Featherston's mental health issues with him after he reported he had been raped in 2017 (*id.*, at 11-12);

(3) an Eighth Amendment failure-to-protect claim against Lieutenant Davis based on Mr. Featherston's allegation that Davis failed to protect him after he threatened to attempt suicide (*id.*, at 23);

(4) Eighth Amendment deliberate indifference claims against Mental Health Counselors Murdock and Andrae Campbell based on Mr. Featherston's allegations that they failed to provide appropriate mental health treatment after an alleged rape in January 2018 (*id.,* at 24); and

(5) an Eighth Amendment deliberate indifference claim against Mental Health Counselor Karen Mattin based on Mr. Featherston's allegation that she refused to treat him after he attempted suicide in March 2019 (*id.*, at 24-26).

(*Id.*, at 3-4).

Judge Harris recommended that the rest of Mr. Featherston's claims be dismissed for failure to state a claim upon which relief may be granted (*Id.*, at 12).

After careful consideration of the Proposed Findings and Partial Recommendation, all objections filed by Mr. Featherston in response, and a *de novo* review of the record, the Court adopts the Proposed Findings and Partial Recommendation in its entirety (Dkt. No. 12). In response to Mr. Featherston's objections, the Court writes only to add that the Prison Rape Elimination Act ("PREA") does not create a cause of action pursuant to 42 U.S.C. § 1983. *See Wilmoth v. Sharp*, No. 6:15-CV-06057, 2018 WL 1092031, at *3 (W.D. Ark. Feb. 27, 2018) (collecting cases).

Therefore, the above-referenced claims may proceed after screening at this time. However, as addressed below, Mr. Featherston's First Amendment retaliation claim and Eighth Amendment deliberate indifference claim against Dr. Horan are dismissed for failure to exhaust administrative remedies.

**II.  Judge Harris's March 3, 2021, Proposed Findings And Partial Recommendation**

In her March 3, 2021, Proposed Findings and Partial Recommendation, Judge Harris recommends that Mr. Featherston's March 3, 2021, motion for partial summary judgment be denied as premature (Dkt. Nos. 47, 48).  As Judge Harris explained, the Court will not entertain any motions for summary judgment on the merits of this case until after discovery is completed (Dkt. No. 48, at 2).  No objections to the March 3, 2021, Proposed Findings and Partial Recommendation have been filed, and the deadline for filing objections has passed. After careful consideration, the Court finds no reason to alter or reject Judge Harris's recommendations.

Therefore, the Court adopts the March 3, 2021, Proposed Findings and Partial Recommendation in its entirety as this Court's findings of fact and conclusions of law (Dkt. No. 48).  The Court denies Mr. Featherston's motion for partial summary judgment (Dkt. No. 47).

**III.  Judge Harris's March 23, 2021, Proposed Findings And Partial Recommendation**

In her March 23, 2021, Proposed Findings and Partial Recommendation, Judge Harris recommends that Mr. Featherston's March 15, 2021, second motion for summary judgment be denied as premature (Dkt. Nos. 54, 61).  No objections have been filed to the March 23, 2021, Proposed Findings and Partial Recommendation, and the deadline for filing objections has passed. After careful consideration, the Court finds no reason to alter or reject Judge Harris's recommendations.

Therefore, the Court adopts the March 23, 2021, Proposed Findings and Partial Recommendation in its entirety as this Court's findings of fact and conclusions of law (Dkt. No. 61).  The Court denies Mr. Featherston's motion for summary judgment (Dkt. No. 54).

IV.   **Judge Harris's April 12, 2021, Proposed Findings And Partial Recommendation**

In her April 12, 2021, Proposed Findings and Partial Recommendation, Judge Harris recommends that Dr. Horan's motion for summary judgment on the issue of exhaustion be granted and that Mr. Featherston's claims against Dr. Horan be dismissed without prejudice (Dkt. Nos. 40, 69). In the April 12, 2021, Proposed Findings and Partial Recommendation, Judge Harris found that Mr. Featherston did not complete the required grievance process with regard to any grievance against Dr. Horan (Dkt. No. 69, at 13). Judge Harris recommends that this Court conclude that Mr. Featherston's completed grievance implicating other Arkansas Department of Corrections ("ADC") employees and letter to ADC Director Wendy Kelley do not serve to exhaust Mr. Featherston's claims against Dr. Horan.

In his objections, the Court understands Mr. Featherston to argue in part that he was unable to file additional grievances due to fear of retaliation (Dkt. No. 73). However, Mr. Featherston's Inmate Grievance Record shows that he continued to file complaints after the one completed grievance relevant to this suit (Dkt. No. 42-1, at 60). While Dr. Horan's exhaustion defense may be defeated where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation," Mr. Featherston has not put forward any record evidence to support his claims of intimidation. *Ross v. Blake*, 578 U.S. 1174. 1860 (2016). In fact, the record suggests that Mr. Featherston was not deterred from filing additional grievances.

Therefore, after careful consideration of the April 12, 2021, Proposed Findings and Partial Recommendation, all objections, and a *de novo* review of the record, the Court adopts the Proposed Findings and Partial Recommendation in its entirety (Dkt. No. 69). Dr. Horan's motion for

summary judgment is granted (Dkt. No. 40). Mr. Featherston's claims against Dr. Horan are dismissed without prejudice for failure to exhaust administrative remedies.

V. **Conclusion**

For the reasons stated herein, it is ordered that:

1. Mr. Featherston's Eighth Amendment deliberate indifference claims against Mental Health Counselors Warren, Murdock, Campbell, and Mattin may proceed at this time;

2. Mr. Featherston's Eighth Amendment failure-to-protect claim against Lieutenant Davis may proceed at this time;

3. Mr. Featherston's claims against Dr. Horan are dismissed without prejudice;

4. Mr. Featherston's remaining claims are dismissed without prejudice for failure to state a claim upon with relief may be granted; and

5. Mr. Featherston's motion for partial summary judgment and motion for summary judgment are denied (Dkt. Nos. 47, 54).

It is so ordered this 13th day of September, 2021.

Kristine G. Baker
United States District Judge